OPINION
{¶ 1} Plaintiffs-appellants, Debbie P. Allen, Guardian of William C. Allen et al., appeal from the September 20, 2002 decision and October 15, 2002 judgment entry denying appellants' motion for summary judgment and granting defendant-appellee, CNA's and/or Buckeye Union's motion for summary judgment. For the reasons that follow, we reverse and remand.
 {¶ 2} Debbie P. Allen is the spouse of William C. Allen and the natural mother of the other plaintiffs-appellants in this action, Camille Allen, Deidre Allen, and Aubrey Allen. William C. Allen was severely injured in a motor vehicle accident that occurred on May 5, 1995. The accident was caused by the negligence of Cynthia Lawrence who drove left of center and struck the vehicle Mr. Allen was operating. In August 1999, appellants settled their claims with Ms. Lawrence for $103,000.
 {¶ 3} As a result of the accident, Mr. Allen suffered traumatic brain injury, open femur fractures of both legs, liver lacerations, L3-L4 fractures, injury to his left elbow and lacerations to both knees. He remained in Grant Medical Center after the accident until September 8, 1995, at which time he was transferred to Dodd Hall for in-patient rehabilitation. He was discharged from Dodd Hall on November 2, 1995. As a result of the brain injury, Mr. Allen has an impairment of his neurocognitive abilities.
 {¶ 4} At the time of the accident, Mr. Allen was employed by Maryhaven, Inc. ("Maryhaven"). Appellee provided a Business Auto Policy to Maryhaven that was effective on the day of the accident. Mr. Allen was not injured while in the course and scope of his employment, nor was he occupying a vehicle owned by his employer at the time of the accident. However, on June 23, 1999, the Supreme Court of Ohio decided Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, which found ambiguity in commercial automobile policy language so as to provide underinsured motorist coverage to an off-duty employee who was injured while driving a vehicle owned by his wife. Consequently, in June 2000, appellants requested underinsured motorist benefits under appellee's policy, and appellee refused to provide coverage, which led to the instant action.
 {¶ 5} The parties filed cross-motions for summary judgment. The trial court denied appellants' motion and granted appellee's motion. The trial court first found that, because appellee did not obtain a written rejection permitting a reduction in uninsured/underinsured motorist ("UM/UIM") coverage, UM/UIM coverage in the amount of $1 million arose by operation of law under the policy.
 {¶ 6} The trial court then found that appellants were not insureds pursuant to Maryhaven's Business Automobile Insurance policy based on the definition of "you" contained in the liability portion of the policy which specified that, in order to be an insured under the policy, Mr. Allen would have to have been driving a covered auto at the time of the accident. The trial court then went on to find that even if appellants were insureds under the policy, they would not be entitled to underinsured motorist coverage because, by settling with the tortfeasor, appellants destroyed appellee's subrogation rights.
 {¶ 7} This appeal followed, with appellants assigning as error the following:
 I. The trial court erred in granting appellee's motion for summary judgment. {¶ 8} Our review of the trial court's denial or grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105; Advanced Analytics Laboratories v. Kegler, Brown, Hill 
Ritter, 148 Ohio App.3d 440, 2002-Ohio-3328, at ¶ 33. A party can prevail on its motion for summary judgment only if: (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Civ.R. 56(C).
 {¶ 9} We begin our analysis by determining whether appellants were insureds under the policy. See Scott-Pontzer, at 662 ("[i]f we find Pontzer was not an insured under the policies, then our inquiry is at an end"). Here, Maryhaven's uninsured motorist endorsement provides, in pertinent part, as follows:
B. WHO IS AN INSURED
1. You
2. If you are an individual, any "family member".
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
 {¶ 10} This language is identical to the language in Scott-Pontzer, that the Ohio Supreme Court found ambiguous. Thus, we find that the trial court erred in finding that appellants were not insureds under the UM/UIM portion of appellee's policy.
 {¶ 11} Having found that appellants are insureds, we agree with the trial court that the absence of a written reduction of UM/UIM coverage compelled the trial court to increase the policy's UM/UIM limits by operation of law to an amount equivalent to the policy's $1 million liability limits pursuant to Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, and R.C. 3937.18(A).
 {¶ 12} Appellee argues that, even if appellants are insured under the policy, the trial court's decision must be affirmed because appellants failed to comply with their obligations under the policy to provide prompt notice and to protect appellee's subrogation rights.
 {¶ 13} After the trial court rendered its decision and entered judgment in this case, the Ohio Supreme Court decided Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217. Because the trial court rendered its decision without the guidance provided by Ferrando, we agree that the case must be remanded for further proceedings consistent with that opinion. Upon remand, the court must adhere to the requirements set forth in Ferrando with respect to both the notice of claim provision and the subrogation-related provision.
 {¶ 14} In late notice cases, the court must first determine whether the insured's notice was timely. The Ohio Supreme Court has held that a requirement of "prompt" notification in an insurance policy requires notice "within a reasonable time in light of all the surrounding facts and circumstances." Ferrando, at ¶ 90, quoting Ruby v. Midwestern Indem. Co. (1988), 40 Ohio St.3d 159, syllabus. In Ferrando, the court declined to establish a rule that a delay in notice of a particular length of time is unreasonable in all cases. Id. at ¶ 93. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut. Id.
 {¶ 15} Until recently, the mere breach of subrogation provisions, such as the one contained in appellee's policy, negated the insurer's obligation to provide coverage. Thompson v. Buckeye Union Ins. Co., Franklin App. No. 02AP-771, 2003-Ohio-2309, ¶ 16. As this court recognized in Alatsis v. Nationwide Ins. Enterprise, Franklin App. No. 01AP-1038, 2002-Ohio-2906, if an insured compromised with the tortfeasor in such a way to destroy the insurer's subrogation right, the insurer was materially prejudiced. Id. at ¶ 18, quoting Bogan v. Progressive Cas. Ins. Co. (1988), 36 Ohio St.3d 22, 30-31. However, as in Thompson, the reasoning in Bogan was rejected by Ferrando during the pendency of this appeal.
 {¶ 16} Therefore, in cases involving an alleged breach of a subrogation-related provision, the first step as delineated in Ferrando is to determine whether the provision actually was breached. If it was not breached, the inquiry ends, and UIM coverage must be provided. Id. at ¶ 91, citing McDonald v. Republic-Franklin Ins. Co. (1989),45 Ohio St.3d 27, paragraphs two and three of the syllabus, and Fulmer v. Insura Prop. Cas. Co. (2002), 94 Ohio St.3d 85, paragraph one of the syllabus. If the subrogation-related clause was breached, the second step of the inquiry is to determine whether the UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut. Id.
 {¶ 17} Here, although appellants argue that appellee was not prejudiced by the destruction of its subrogation rights, we decline to address this issue because the lower court has not yet ruled upon it applying the test set forth by the Ohio Supreme Court. Thompson, at ¶ 18, citing Mills-Jennings of Ohio, Inc. v. Dept. of Liquor Control (1982), 70 Ohio St.2d 95. Thus, we must remand this cause so that the trial court may consider whether appellee was prejudiced. See Johnson v. State Farm Mut. Auto. Ins. Co., Lucas App. No. L-02-1251, 2003-Ohio-1864, at ¶ 19 (remanding for determination of whether or not insurer prejudiced by breach of subrogation provision); Bales v. Buckeye Union Ins. Co., Franklin App. No. 02AP-870, 2003-Ohio-1523, at ¶ 11, 19 (same); Pack v. Monroe Guaranty Ins. Co., Franklin App. No. 02AP-732, 2003-Ohio-582, at ¶ 22 (same).
 {¶ 18} Based on the foregoing reasons, appellants' assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to the trial court for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
BROWN and WATSON, JJ., concur.